UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 98-40101-04 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | ORDER |
| | \* | |
| DANA BOSWELL, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The defendant, Dana Boswell ("Boswell"), has filed two letters asking the Court to assist him with getting credit for time spent in custody on a California state court sentence prior to commencement of the federal sentence which was imposed by this Court on July 13, 1999. (Docs. 1255, 1256.) The Court will construe Boswell's letters as motions. Boswell includes a copy of a letter to him from the Bureau of Prisons (BOP) dated October 19, 2017, indicating that because the state sentence was imposed before the federal sentence was imposed, and also due to the fact that the federal judgment does not state whether Boswell's federal sentence is to be served concurrently or consecutively to his undischarged state sentence, 18 U.S.C. § 3584 requires his federal sentence to be served consecutively. (Doc. 1256.)

The issue of concurrent or consecutive sentences was not raised to the Court at the sentencing, nor was that issue raised in the Presentence Report. Had it been raised, the Court would have ordered that the federal sentence be served concurrently to Boswell's undischarged state sentence.

Boswell is aware, based on a prior Order of this Court (doc. 1243), that after sentencing this Court does not have authority to determine credit for time served. In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court held that the determination of credit for time served under 18 U.S.C. § 3585(b) is a matter vested exclusively in the BOP, not the sentencing court. *Id.* at 334-35. In *United States v. Pardue*, 363 F.3d 695 (8th Cir. 2004), the defendant Pardue argued that the district court had erred in failing to accredit him with time served under 18 U.S.C. § 3585(b). *Id.* at 699. The Eighth Circuit refused to entertain this argument, noting that the determination of credit for time served under § 3585(b) is a matter vested exclusively in the Bureau of Prisons. *Id.* "A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'" *Id.* (quoting *Wilson*, 503 U.S. at 333).

If Boswell is dissatisfied with the BOP's decisions regarding credit for time served, he may file a petition for relief in the district where he is confined under 28 U.S.C. § 2241 after exhausting his administrative remedies with the BOP. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (federal prisoner may petition under 28 U.S.C. § 2241 after exhausting administrative remedies within the BOP if he objects to the BOP's calculation of credits to his sentence).

Boswell cites to *Setser v. United States*, 566 U.S. 231 (2012), where the Supreme Court held that a district court has discretion to make a federal sentence run concurrently or consecutively to a yet-to-be-imposed state sentence, which is not the issue here because Boswell's state sentence had already been imposed prior to imposition of his federal sentence. In any event, this Court is now aware that it could have, but did not, order Boswell's federal sentence to run concurrently with his undischarged state sentence. *See* 18 U.S.C. § 3584(a). To the extent Boswell is seeking to have this Court amend the Judgment in his criminal case to state that his federal sentence is to run concurrently with his state sentence, that request should have been brought by a petition filed pursuant to 28 U.S.C. § 2255, as it is an attack on the Judgment itself.[1] *See Noble v. Fondren*, 2009 WL 4723357 at *7 (D.Minn. Dec. 2, 2009); *see also Watson v. United States*, 2006 WL 1428295 at *3-4 (D.Minn. May 23, 2006) (concluding that the court was barred by 28 U.S.C. § 2255 from entertaining petitioner's habeas petition under § 2241, which asserted that the sentencing court intended to apply § 5G1.3 by recommending credit for time served, as an attack on the sentence applied by the sentencing court).

In 2016, Boswell attempted to file a successive § 2255 motion based on other grounds, *see* CIV 16-4085, and he is aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) curtailed the filing of second and successive § 2255 motions. Specifically, the AEDPA amendment to § 2244 provides, in pertinent part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined

---

[1] On direct appeal, Boswell challenged his sentence on the grounds that it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Bradford*, 246 F.3d 1107 (8th Cir. 2001). In his first § 2255 motion, Boswell claimed that his trial lawyer rendered ineffective assistance of counsel by failing to investigate and challenge Boswell's prior state convictions and failing to honor Boswell's wish to enter into a plea agreement with the government. He also argued that his sentence violated the Sixth Amendment because it was based on factors that were not found by a jury. *See* Civ. 02-4075.

by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). The limited exception for second or successive § 2255 motions states:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the 'movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A prisoner may not escape these limitations on second or successive § 2255 motions by purporting to invoke some other rule or procedure. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure).

Boswell has not obtained leave from the Eighth Circuit to file a second or successive § 2255 motion in order to challenge the Judgment in his criminal case. Thus, this Court has no authority to consider Boswell's request to amend the Judgment to state that his federal sentence should run concurrently with his state sentence. Accordingly,

IT IS ORDERED that the relief requested in Docs. 1255 and 1256 is denied.

Dated this _____ day of December, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)      DEPUTY

3