UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 98-40101-04 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| DANA E. BOSWELL, | \* | AND ORDER REGARDING MOTIONS FOR SENTENCE REDUCTION |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court are defendant Dana Boswell's pro se motions for a reduced sentence under 18 U.S.C. § 3582(c) and Amendment 782 or, in the alternative, under Federal Rule of Civil Procedure 60(b)(6). (Docs. 1258 and 1263.)[1] Boswell asserts that the Presentence Investigation Report ("PSR") incorrectly stated that he had a felony controlled substance offense and three convictions for felony crimes of violence that were predicate offenses for a career offender enhancement under the Sentencing Guidelines. He did not have access to his California state court documents until recently, and he relied on his lawyer at sentencing to determine if his prior California convictions were career offender predicates. Boswell notes that if he had not been sentenced as a career offender he would have been eligible for the two-level reductions under 18 U.S.C. § 3582(c)(2) when the sentencing commission later changed the guidelines for cocaine offenses.

Boswell asks the Court to hold his motion for sentence reduction in abeyance until the Probation Office corrects his Presentence Investigation Report to reflect that his prior convictions

---

[1] Boswell asked the Court to allow him to withdraw his first motion without prejudice so he could complete research regarding his California convictions. (Doc. 1261.) On February 9, 2018, Boswell filed a motion to supplement and provided the Court with supplemental information about his California convictions. (Doc. 1264.)

are misdemeanors. (Doc. 1266.) He also asks the Court to appoint the Federal Public Defender as counsel to assist him with the motions for sentence reduction. (Doc. 1267.)

The United States resisted the motions for sentence reduction on procedural grounds without addressing the merits of Boswell's argument that he was erroneously sentenced as a career offender. (Docs. 1260, 1265.)

## BACKGROUND

On April 20, 1999, a jury issued a guilty verdict against Boswell on five counts, including conspiracy to distribute cocaine base ("crack"), money laundering, and control of a residence used for unlawful drug activity.

A probation officer compiled a PSR and, in calculating Boswell's guideline range, initially assigned him a base offense level of 34 based on the drug quantity table under USSG § 2D1.1(c)(3). However, the officer determined that Boswell had at least one prior felony conviction for a controlled substance offense and three prior felony convictions for crimes of violence, which qualified him as a career offender under USSG § 4B1.1.[2]

At the sentencing hearing on July 13, 1999, this Court ruled that Boswell was a career offender within the meaning of USSG § 4B1.1 of the sentencing guidelines. Because his offense level from the career offender table was higher than his level from the drug quantity table, the PSR applied the level from the career offender table, placing him at an offense level of 37. *See* USSG § 4B1.1. With a criminal history category of VI, Boswell's imprisonment range under the sentencing

---

[2]Boswell needed only two of these prior convictions to be classified as a career offender. *See* USSG § 4B1.1(a) (stating in relevant part that a defendant is a career offender if he has at least two prior convictions for crime of violence or controlled substance offense). A defendant is classified as a career offender under the guidelines if the instant offense is a felony, defined as an offense punishable by death or imprisonment exceeding one year, that is a "controlled substance offense" or a "crime of violence" committed when the defendant was at least eighteen years old, and the defendant has at least two "prior felony convictions" of either a "controlled substance offense" or a "crime of violence." USSG §§ 4B1.1, 4B1.2.

guidelines was 360 months to life.[3] Boswell was sentenced to 360 months of imprisonment. His conviction and sentence were affirmed on appeal. *See United States v. Bradford*, 246 F.3d 1107 (8th Cir. 2001).

On April 10, 2002, Boswell filed a motion under 28 U.S.C. § 2255, arguing that his trial lawyer rendered ineffective assistance of counsel by failing to investigate and challenge Boswell's prior state convictions and by failing to honor Boswell's wish to enter into a plea agreement with the government. *See* CIV 02-4075, doc. 1. Finding no ineffective assistance of counsel, and no prejudice to Boswell, this Court denied the § 2255 motion. *See* CIV 02-4075, doc. 24. The Eighth Circuit denied a certificate of appealability and dismissed Boswell's appeal.

On August 3, 2010, the Fair Sentencing Act ("FSA") was enacted, raising the amount of cocaine base required for imposition of a mandatory minimum sentence. The Sentencing Commission amended the Sentencing Guidelines in order to implement the FSA. Amendment 750 lowered the base offense level specified in USSG § 2D1.1 for crack cocaine offenses. The Commission voted to give retroactive effect to the new guideline which became effective on November 1, 2011.

On February 23, 2012, Boswell filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750. (Docs. 1226 and 1228.) Because Boswell's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 did not have the effect of lowering his applicable guideline range. Accordingly, Boswell was not eligible for a sentence reduction. *See United States v. Harris*, 688 F.3d 950, 955 (8th Cir. 2012) (holding that career offender is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 750 because his sentence was based on the career offender guidelines, not the drug quantity guidelines); USSG § 1B1.10, cmt. n. 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection

---

[3]Without the career offender enhancement, Boswell's total offense level was 34 and his criminal history category was VI, resulting in a guideline range of 262 to 327 months.

(d) that lowers the applicable guideline range. . . ."). Boswell's motion for a sentence reduction was denied by this Court in a Memorandum Opinion and Order issued on April 15, 2013. (Doc. 1236.)

Subsequently, the Sentencing Commission adopted another amendment to the Sentencing Guidelines, Amendment 782, made retroactive by U.S.S.G. § 1B1.10, which calls for a two-level decrease in offense levels for sentences based on drug quantity. Boswell's pending motions are based in part on Amendment 782.

Boswell's current motions for sentence reduction are brought pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. In the alternative, Boswell argues that he is entitled to relief from his judgment of conviction under Federal Rule of Civil Procedure 60(b)(6). He argues that three of his prior crimes listed as felony crimes of violence in the PSR are actually misdemeanor convictions. In addition, Boswell claims that his prior state drug offense for possession of a controlled substance does not meet the definition of a "controlled substance offense" under USSG § 4B1.2(b) because it was for simple possession. Boswell contends that he was not aware of the relevant details of his convictions until recently when he was seeking relief in the California courts where the three crimes of violence set forth in his PSR took place. (Doc. 1264 at 1, 3.) Boswell says that, through the process of seeking relief in California, he discovered his prior crimes of violence are misdemeanors. (*Id.*)

## DISCUSSION

Documents submitted by Boswell indicate that at least three of the four convictions listed in his PSR and relied on for his sentence might not qualify as predicates for career offender status. As discussed below, briefing by the parties and further development of the record will assist the Court with this determination.

The conviction in paragraph 99 of the PSR is for "delivery of a controlled substance," but Boswell has submitted information indicating that it is for simple possession.[4] (Doc. 1258-1 at p. 3-

---

[4] Boswell argues that his predicate conviction in Washington state court in paragraph 89 of the PSR does not qualify as a controlled substance offense under § 4B1.1, but the conviction in

4

4.) Under the Guidelines, simple possession—that is, possession without the proof beyond a reasonable doubt of the requisite intent to "manufacture, import, export, distribute, or dispense"—is not a controlled substance offense under the career offender guidelines. *See United States v. Robinson*, 639 F.3d 489, 495 (8th Cir. 2011), citing *Salinas v. United States*, 547 U.S. 188 (2006) (per curiam). The conviction in paragraph 99 does not qualify as a predicate for career offender status if it is for simple possession.

The conviction in paragraph 84 for assault with a deadly weapon in violation of Cal.Penal Code § 245(a)(1) is a "wobbler," meaning that it may be either a misdemeanor or a felony. Boswell submitted a copy of a letter to him from the Los Angeles County District Attorney's Office dated July 16, 2016 which states that the case was alleged as a misdemeanor and that Boswell pled to a misdemeanor. (Doc. 1264-4.) The conviction in paragraph 84 does not qualify as a predicate for career offender status if it is a misdemeanor.

The conviction in paragraph 83 for assault with a deadly weapon in violation of Cal.Penal Code § 245(a)(1) is another "wobbler." According to the PSR and documents submitted by Boswell, on April 30, 1990 the state court sentenced Boswell to three years probation and 365 days in county jail in Case No. TA005357. *See* Doc. 1264-3 at p. 2; PSR ¶ 83. At line 76 of the sentencing document, the box is marked indicating that the proceedings were suspended and the line "sentence imposed as follows" is crossed out. *Id.* Boswell submitted a copy of a document showing that his probation in this case was revoked on July 23, 1992, and he was sentenced to 180 days in county jail. *See* Doc. 1264-3 at p. 3.[5]

---

paragraph 89 is for possession only. The conviction in paragraph 99 of the PSR likely was the one considered to be the predicate offense because it is listed as "delivery of a controlled substance."

[5] A more complete copy of this document was included in Boswell's probation file, and a copy is attached to this Memorandum Opinion as Attachment 1. It shows the date of the proceedings and the case number, which were cut off on Boswell's copy.

5

In *United States v. Bridgeforth*, 441 F.3d 864 (9th Cir. 2006), the state court suspended imposition of the defendant's sentence and placed him on probation. Subsequently, the defendant violated his probation and the court terminated probation and imposed a sentence of 365 days in the county jail. *See id.* at 867. The Ninth Circuit held that the state court's subsequent treatment of the wobbler offense with a misdemeanor sentence controlled for purposes of the career offender enhancement. *Id.* at 872. "When the California court sentenced Bridgeforth to 365 days in county jail, section 17(b)(1) of the California Penal code operated to convert that offense to a misdemeanor "for all purposes." *Id.* The Ninth Circuit held, therefore, that the defendant's conviction was not a felony conviction for a crime of violence under sections 4B1.1 and 4B1.2 of the Sentencing Guidelines, and the defendant was improperly sentenced as a career offender. *Id.* If Boswell received a suspended sentence and probation for the conviction in paragraph 83, and then a misdemeanor sentence of 180 days in county jail was imposed when his probation was revoked on July 23, 1992, the circumstances are similar to *Bridgeforth* and the subsequent judgment and sentence to 180 days in county jail after revocation of Boswell's probation may have converted the conviction in paragraph 83 to a misdemeanor.

Boswell argues that the conviction in paragraph 85 of the PSR also involved a suspended sentence that resulted in a subsequent judgment and sentence to a year or less in county jail, thus converting that conviction to a misdemeanor, but the Court cannot find a subsequent judgment in the record.

Paragraph 85 of Boswell's PSR lists an arrest for assault on January 18, 1991. The PSR states that, on June 12, 1991, Boswell was sentenced to three years probation, 365 days in county jail and two years in state prison suspended. Boswell submitted a copy of his guilty plea in Case No. VA006723. *See* Doc. 1264-5 at p. 2-3. That document reflects that, on May 29, 1991, Boswell pled guilty to a violation of Cal.Penal Code § 245(a)(1), with a maximum total punishment of four years. It states that if he pleads guilty the court would suspend the "high term" four year sentence and place him on probation plus one year in county jail. *See id.*

Section 245(a)(1) directs that a defendant "shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year." Because the offense can result in a range of punishments, § 245(a) is referred to as a "wobbler" statute, providing for either a misdemeanor or a felony conviction. Whether a "wobbler" is determined to be a misdemeanor or a felony is controlled by Cal.Penal Code § 17(b), which sets out the range of judgments by which an offense is categorized "for all purposes" subsequent to judgment. *See* Cal.Penal Code § 17(b); *see also United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *abrogated in part on other grounds as recognized in Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1020 (9th Cir. 2006).

> Under California Penal Code § 17(b),
>
> [w]hen a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail ... it is a misdemeanor for all purposes under the following circumstances:
>
> (1) After a *judgment* imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170 [or]
>
> \* \* \*
>
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, *the court declares the offense to be a misdemeanor.*

(Emphases added.)

"Under California law, where [an] offense is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose *until judgment*." *United States v. Gomez-Hernandez*, 300 F.3d 974, 978 (8th Cir. 2002) (alteration and emphasis added) (quoting *Robinson*, 967 F.2d at 293). As Boswell asserts, a wobbler becomes a misdemeanor "[a]fter a judgment imposing a punishment other than imprisonment in the state prison." Cal.Penal Code § 17(b)(1). But the Ninth Circuit has held that a suspended sentence is not a judgment imposing punishment for purposes of § 17(b)(1). *See Robinson*, 967 F.2d at 293. In *Robinson*, the state sentencing court suspended imposition of the

7

defendant's sentence and placed the defendant on probation with nine months in county jail. *See Robinson*, 967 F.2d at 292. The Ninth Circuit in *Robinson* reasoned that § 17(b)(1) did not apply to make the conviction a misdemeanor because "the court suspended imposition of sentence[,] ... [and therefore] never entered a judgment." *Id.* The Ninth Circuit stated:

> Clearly, "[a]n order granting probation is not a judgment." *People v. Smith*, 195 Cal.App.2d 735, 737, 16 Cal.Rptr. 12 (1961). Furthermore, when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered. *People v. Arguello*, 59 Cal.2d 475, 476, 30 Cal.Rptr. 333, 381 P.2d 5 (1963).

*Id.* at 293.

In *United States v. Qualls*, the Ninth Circuit applied *Robinson* in the context of suspended proceedings where only probation was imposed. 172 F.3d 1136, 1137 (9th Cir. 1999) (en banc). The Ninth Circuit found that "Quall's initial probation was not a 'judgment imposing punishment other than imprisonment in the state prison,'" and thus the conviction was a felony. *Id.*

In *United States v. Adams*, 716 F.3d 1066 (8th Cir. 2013), the defendant argued that his two prior "violent felony" convictions for assault with a deadly weapon were actually misdemeanors under California law because he did not receive a state prison sentence. *Id.* at 1069. Citing *Robinson*, the Eighth Circuit rejected the defendant's argument because the California courts suspended the imposition of the sentences and "suspended sentences do not represent judgments." *Id.* at 1071. (In contrast, suspended *execution* of a sentence might result in a misdemeanor. *Id.*)

It appears from the record regarding Boswell's conviction in paragraph 85 that the state court suspended imposition of the four-year state prison sentence, placed Boswell on probation, and ordered that he serve one year in county jail as a term of his probation. In cases where the court suspends imposition of a sentence, the wobbler conviction may become a misdemeanor under § 17(b)(1) only if the state court subsequently imposes a misdemeanor sentence. *See, e.g., Bridgeforth*, 441 F.3d at 871–72. Because the Court cannot locate anything in the record indicating

that the state court subsequently imposed a misdemeanor sentence or judgment for Boswell's conviction in paragraph 85, it does not appear to qualify as a misdemeanor under § 17(b)(1).

Boswell asks the Court to appoint counsel to assist him with his motion for a sentence reduction. Boswell relies on 18 U.S.C. § 3582(c) and Amendment 782 as one avenue for the reduction. On August 14, 2014, Chief Judge Jeffrey L. Viken issued a Standing Order appointing the Office of the Federal Public Defender to represent defendants who may be eligible to seek a reduced sentence based upon retroactive application of Amendment 782 to the United States Sentencing Guidelines. The Court will appoint the Federal Public Defender to represent Boswell for purposes of this motion.[6] The Court will direct the Federal Public Defender's Office to submit a brief and evidence on the issues whether Boswell should have been sentenced as a career offender and, if not, whether he therefore is eligible for a sentence reduction. Accordingly,

IT IS ORDERED:

1. That the motion to appoint counsel, doc. 1267, is granted, and the Federal Public Defender's Office is appointed to represent defendant Dana Boswell.

2. That the motion to supplement memorandum, doc. 1264, is granted.

3. That the motion to withdraw, doc. 1261, and the motion to hold motion in abeyance, doc. 1266, are denied as moot.

4. That on or before Thursday, October 25, 2018, the Office of the Federal Public Defender shall submit evidence and argument regarding whether defendant Dana Boswell was improperly sentenced as a career offender and whether he is eligible for a sentence reduction.

5. That the government shall submit a response within twenty days after receipt of the submission by the Federal Public Defender. The response shall include evidence and argument regarding whether Dana Boswell's prior convictions qualify as predicates for career offender status under the Federal Sentencing Guidelines.

---

[6] Boswell submitted a copy of a letter dated March 13, 2018 from the Federal Public Defender's office to him stating that on March 12, 2018 they received the government's response to his motion but they would not file anything unless the court specifically asks. See Doc. 1267-1.

9

6. Defendant's reply is due within ten days after receipt of the government's response.

7. That the Clerk of Court shall provide the Federal Public Defender's Office with copies of all documents that have been filed in this case since December 18, 2017 when Dana Boswell filed his pending motion for sentence reduction.

Dated this 26th day of July, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: Matthew Thelen
(SEAL) ~~DEPUTY~~