UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 98-40101-04 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER REGARDING MOTIONS FOR SENTENCE REDUCTION |
| DANA E. BOSWELL, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On April 20, 1999, Dana Boswell was convicted of five counts, including conspiracy to distribute cocaine base ("crack"), money laundering, and control of a residence used for unlawful drug activity. He recently filed *pro se* motions for a reduced sentence under 18 U.S.C. § 3582(c) and Amendment 782 or, in the alternative, under Federal Rule of Civil Procedure 60(b)(6). This Court appointed the Federal Public Defender as counsel to assist Boswell with his motions. (Doc. 1268.) Supplemental briefing has been completed by the parties.

## BACKGROUND

In calculating Boswell's guideline range, the probation officer initially assigned him a base offense level of 34 based on the drug quantity table under USSG § 2D1.1(c)(3). However, the officer determined that Boswell had at least one prior felony conviction for a controlled substance offense and three prior felony convictions for crimes of violence, which qualified him as a career offender under USSG § 4B1.1.

At the sentencing hearing on July 13, 1999, this Court ruled that Boswell was a career offender within the meaning of USSG § 4B1.1 of the sentencing guidelines. Because his offense level from the career offender table was higher than his level from the drug quantity table, the PSR applied the level from the career offender table, placing him at an offense level of 37. *See* USSG § 4B1.1. With a criminal history category of VI, Boswell's imprisonment range under the sentencing

guidelines was 360 months to life. Boswell was sentenced to 360 months of imprisonment. His conviction and sentence were affirmed on appeal. *See United States v. Bradford*, 246 F.3d 1107 (8th Cir. 2001).

Boswell's subsequent motion under 28 U.S.C. § 2255 was denied. *See* CIV 02-4075, doc. 24. The Eighth Circuit denied a certificate of appealability and dismissed Boswell's appeal. A subsequent motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 750 was also denied by this Court in a Memorandum Opinion and Order issued on April 15, 2013. (Doc. 1236.) Because Boswell's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 did not have the effect of lowering his applicable guideline range. *See United States v. Harris*, 688 F.3d 950, 955 (8th Cir. 2012) (holding that career offender is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 750 because his sentence was based on the career offender guidelines, not the drug quantity guidelines); USSG § 1B1.10, cmt. n. 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range. . . .").

Subsequently, the Sentencing Commission adopted another amendment to the Sentencing Guidelines, Amendment 782, made retroactive by U.S.S.G. § 1B1.10, which calls for a two-level decrease in offense levels for sentences based on drug quantity. Boswell's pending motions are based in part on Amendment 782.

The basis for Boswell's *pro se* motions was his claim that three of his prior crimes listed as felony crimes of violence in the PSR are actually misdemeanor convictions. In addition, Boswell claimed that his prior state drug offense for possession of a controlled substance did not meet the definition of a "controlled substance offense" under USSG § 4B1.2(b) because it was for simple possession. Boswell was not aware of the relevant details of his convictions until recently when he was seeking relief in the California courts where the three crimes of violence set forth in his PSR took place. (Doc. 1264 at 1, 3.) Documents submitted by Boswell with his *pro se* motions raised questions whether three of the four convictions listed in his PSR qualify as predicates for career offender status. Two of the convictions were necessary for Boswell to be classified as a career offender. *See* USSG § 4B1.1(a) (stating in relevant part that a defendant is a career offender if he has

at least two prior convictions for crime of violence or controlled substance offense). Accordingly, the Court appointed counsel for Boswell for further development of the record to assist the Court with this determination.

## DISCUSSION

### I. Boswell is a Career Offender

A defendant is considered a career offender under the Guidelines

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). There is no dispute that the first two requirements were satisfied. As to the third requirement, Boswell argued in his *pro se* motions that the Washington drug conviction in paragraph 99 of the PSR was for simple possession and thus did not qualify as a controlled substance offense under the third requirement. In its supplemental brief, the government agrees that Boswell's conviction in paragraph 99 does not qualify as a "controlled substance offense" under the career offender guideline. (Doc. 1278 at 2.)

Boswell further argued in his *pro se* motions that three of his California convictions are not felony convictions of crimes of violence because they are misdemeanors under California law. At the time of Boswell's offense, to qualify as a "crime of violence" the prior conviction must involve the use or threatened use of force and must be "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(a)(1998 edition). The government agrees that Boswell's California assault conviction in paragraph 84 was not a crime of violence because it was not punishable by more than one year in prison. (Doc. 1278 at 2-3.)

Unfortunately for Boswell, the parties agree and this Court must find under Eighth Circuit law that the two convictions in paragraphs 83 and 85 of the PSR qualify as career offender predicates because they are punishable by more than one year in prison within the meaning of USSG § 4B1.1. *See United States v. Hester*, 917 F.2d 1083, 108485 (8th Cir. 1990) (holding that the defendant's prior conviction qualified as a felony under § 4B1.1 of the sentencing guidelines because the

maximum term of imprisonment exceeded one year and that is controlling, even though the offense was classified as a misdemeanor under California law). Accordingly, the career offender designation for Boswell in the PSR is correct.

## II. Is Boswell Entitled to a Sentence Reduction?

In the supplemental briefs, Boswell raises a new argument that, even if he is a career offender, he is still entitled to a sentence reduction under Amendment 782 because the career offender guideline should not have been applied to him at sentencing. Rather, he should have been sentenced using the drug quantity guideline.

At sentencing, this Court found Boswell accountable for 477.75 grams of cocaine base. This gave Boswell an offense level of 34. He received a two-level enhancement for obstruction of justice, increasing his offense level to 36. With a criminal history category of VI, Boswell's sentencing range would have been fixed at 324 to 405 months under the drug quantity tables in USSG § 2D1.1. However, because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense, Boswell qualified as a career offender.

USSG § 4B1.1 states that the base offense level for a career offender depends on the statutory maximum of the offense of conviction. Section 4B1.1 provides,

> Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

| Offense Statutory Maximum | Offense Level |
|---|---|
| (1) Life | 37 |
| (2) 25 years or more | 34 |
| (3) 20 years or more, but less than 25 years | 32 |
| (4) 15 years or more, but less than 20 years | 29 |
| (5) 10 years or more, but less than 15 years | 24 |
| (6) 5 years or more, but less than 10 years | 17 |
| (7) More than 1 year, but less than 5 years | 12 |

USSG § 4B1.1. At the time of Boswell's offense, 21 U.S.C. § 841(b)(1)(A) set a statutory maximum sentence of life in prison for violations involving 50 grams or more of cocaine base. Accordingly,

the PSR applied an offense level of 37 because Boswell's violation involved more than 50 grams of cocaine base. The higher career-offender offense level of 37 applied because Boswell qualified as a career offender. *See* USSG § 4B1.1 (directing sentencing courts to apply the career-offender offense level if it is greater than an otherwise applicable offense level). With a criminal history category of VI, this figure exposed Boswell to a sentencing guideline range of 30 years to life. On July 13, 1999, this Court sentenced Boswell to 30 years' imprisonment on the conspiracy count.

When Boswell appealed to the Eighth Circuit, he argued that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his indictment and the jury's verdict failed to specify any drug quantities. *See United States v. Bradford*, 246 F.3d 1107, 1112 (8th Cir. 2001). In *Apprendi*, the Supreme Court held that any fact, other than a prior conviction, that "increases the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proven to the jury beyond a reasonable doubt. 530 U.S. at 476. The Eighth Circuit held that *Apprendi* requires that the drug quantity thresholds of § 841(b) be treated as offense elements and thus charged in the indictment and proved to the jury before a defendant can be sentenced to any of the progressively higher statutory maximums that are based on progressively higher quantities of drugs specified in subsections 841(b)(1)(A) or (B).[1] *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000). Thus, when drug quantity has not been alleged in the indictment and found beyond a reasonable doubt by a jury, *Apprendi* precludes imposition of a sentence in excess of the maximum prescribed by 21 U.S.C. § 841(b)(1)(C). *See id.* The Eighth Circuit upheld Boswell's sentence, however, because it fell within the 30-year maximum sentence under § 841(b)(1)(C) when the defendant has a prior felony drug conviction, which Boswell did. *See Bradford*, 246 F.3d at 1113.

Boswell now argues that because the Eighth Circuit found *Apprendi* limited his statutory maximum to 30 years, his career offender enhancement also should have been limited to an offense

---

[1] For violations involving cocaine base, 21 U.S.C. § 841(b) establishes three categories of penalties, depending upon the amount of the drug involved. At the time of Boswell's offense, § 841(b)(1)(A) set a maximum sentence of life in prison for violations involving 50 grams or more; § 841(b)(1)(B) set a maximum sentence of 40 years for violations involving 5 grams or more (or life, if the defendant had a prior felony drug conviction); and § 841(b)(1)(C) set a maximum sentence of 20 years for any other amount (or 30 years, if the defendant had a prior felony drug conviction).

level of 34 in accordance with that same 30-year statutory maximum.[2] If his career offender offense level had been correctly set at 34 at the time of sentencing, it would have been lower than the adjusted offense level of 36 from the drug quantity table. Therefore, Boswell would have been sentenced under the drug quantity guidelines instead of the career offender guidelines, Amendment 782 would have lowered his base offense level by two levels, and Boswell would be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

The government argues that Boswell is ineligible for relief under § 3582(c)(2) because he was sentenced as a career offender and not under the drug quantity guidelines. The government also asserts that Boswell has failed to cite authority giving this Court jurisdiction to review whether he was correctly sentenced as a career offender.

Boswell cites *United States v. Washington*, 618 F.3d 869 (8th Cir. 2010), *United States v. Taylor*, 627 F.3d 674 (7th Cir. 2010), and *United States v. King*, 360 F.App'x 714 (8th Cir. 2010) (per curiam) (unpublished), for the proposition that there are circumstances under which a career offender may receive a sentence reduction under 18 U.S.C. § 3582(c)(2). In those cases, however, although the defendants qualified as career offenders under USSG § 4B1.1, their original sentences were based on the drug-quantity base offense levels in § 2D1.1 because those happened to be higher than the career offender offense levels in § 4B1.1. Those drug-quantity offense levels were reduced by amendments to the sentencing guidelines and retroactive application of the amendments allowed the defendants to potentially be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). In contrast, Boswell's sentence was based on the career offender guideline.

18 U.S.C. § 3582(c)(2) authorizes a reduction when the original sentence was "based on" a sentencing range that has been lowered. Boswell's original sentence was based on the career offender guideline range, which has not been lowered by the retroactive amendment at issue. Because of this, Boswell is not entitled to a sentence reduction unless his original sentence is somehow changed to one based on the drug-quantity guideline. *See Harris*, 688 F.3d at 955 (holding that a prisoner is ineligible for a sentencing reduction when the career-offender provision of the guidelines, not the drug-quantity table, determined the base-offense level). The government is correct

---

[2] As set forth above, USSG 4B1.1 sets a career offender offense level of 34 when the offense of conviction has a statutory maximum of 25 years or more.

that Boswell cites no authority indicating that this Court has jurisdiction to change his original sentence that was imposed on July 13, 1999. The Court will allow the parties to submit argument and authority on this issue. Accordingly,

IT IS ORDERED:

1. That within twenty (20) days from receipt of this Order, the Office of the Federal Public Defender shall submit argument and authority regarding whether this Court has jurisdiction to change defendant Dana Boswell's sentence that was imposed on July 13, 1999, as requested in the supplemental briefing.

2. That the government shall submit a response within twenty (20) days after receipt of the submission by the Federal Public Defender.

3. Defendant's reply is due within ten (10) days after receipt of the government's response.

Dated this 28th day of February, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK